UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2007 Grand Jury **07-01141**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07- |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine; 21 U.S.C. § 843(b): Use of a Communication Facility in Committing a Felony Drug Offense] |
| KENNETH BERNARD RILEY, aka "Kenny Boy," JOSEPH CARTER, aka "S.A.," and "JUVIE," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on or about February 8, 2006, and continuing to on or about February 9, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendants KENNETH BERNARD RILEY, also known as ("aka") "Kenny Boy" ("RILEY"), JOSEPH CARTER, aka "S.A." ("CARTER"), "JUVIE," and others known and unknown to the Grand Jury, conspired and agreed with each

other to knowingly and intentionally (a) possess with intent to distribute and (b) distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
     ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.   Defendant JUVIE would contact defendant RILEY about purchasing methamphetamine.

2.   Defendant RILEY would contact defendant CARTER to ask defendant CARTER to supply methamphetamine to defendant JUVIE.

3.   Defendant RILEY would negotiate with defendant CARTER the quantity and price of methamphetamine to be supplied to defendant JUVIE.

4.   Defendant RILEY and defendant CARTER would arrange to have an individual known as "Bones" deliver the methamphetamine to defendant JUVIE.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1.   On February 8, 2006, in a telephone conversation and using coded language, defendant RILEY and defendant JUVIE

2

1  discussed defendant JUVIE obtaining methamphetamine from
2  defendant CARTER.

3      2.    On February 8, 2006, in a telephone conversation
4  and using coded language, defendant RILEY told defendant JUVIE
5  that the last time defendant RILEY had purchased methamphetamine
6  from defendant CARTER, defendant CARTER had charged approximately
7  $550 per ounce.

8      3.    On February 8, 2006, in a telephone conversation and
9  using coded language, defendant JUVIE told defendant RILEY that
10 he wanted a half pound of crystal methamphetamine.

11     4.    On February 8, 2006, in a telephone conversation and
12 using coded language, defendant RILEY told defendant JUVIE that
13 defendant RILEY would call defendant CARTER to ask whether
14 defendant CARTER had any methamphetamine available for defendant
15 JUVIE.

16     5.    On February 8, 2006, in a telephone conversation and
17 using coded language, defendant RILEY asked defendant CARTER if
18 "Bones" could provide a half pound of crystal methamphetamine.

19     6.    On February 9, 2006, in a telephone conversation and
20 using coded language, defendant RILEY told defendant JUVIE that
21 defendant CARTER had said that "Bones" did not have a pound of
22 methamphetamine, but that "Bones" could supply ounce-quantities
23 of methamphetamine.

24     7.    On February 9, 2006, in a telephone conversation and
25 using coded language, defendant JUVIE told defendant RILEY that
26 he wanted seven ounces of methamphetamine.

27     8.    On February 9, 2006, in a telephone conversation and
28 using coded language, defendant RILEY told defendant CARTER that

1  defendant JUVIE wanted a half pound of methamphetamine if it was
2  available, but if not, then defendant JUVIE wanted seven ounces.

3      9.   On February 9, 2006, in a telephone conversation and
4  using coded language, defendant CARTER told defendant RILEY that
5  "Bones" had eight ounces of methamphetamine for $4,650, or one
6  ounce for $675.

7      10.   On February 9, 2006, in a telephone conversation and
8  using coded language, defendant JUVIE asked defendant RILEY when
9  defendant JUVIE could get the methamphetamine from defendant
10 CARTER.

11     11.   On February 9, 2006, defendant RILEY gave defendant
12 JUVIE defendant CARTER's telephone number.

13     12.   On February 9, 2006, defendant CARTER arranged for
14 "Bones" to deliver the methamphetamine to defendant JUVIE.

15     13.   On February 9, 2006, in a telephone conversation and
16 using coded language, defendant CARTER told defendant RILEY that
17 defendant JUVIE had bought the methamphetamine for someone else,
18 and that defendant JUVIE had agreed to give defendant CARTER $300
19 of the profit that defendant JUVIE made from the sale of the
20 methamphetamine to the other person.

21     14.   On February 9, 2006, in a telephone conversation and
22 using coded language, defendant CARTER told defendant RILEY that
23 he had sold defendant JUVIE eight ounces of methamphetamine, and
24 asked defendant RILEY to call defendant JUVIE to tell defendant
25 JUVIE that defendant CARTER was ready to get the $300 that
26 defendant JUVIE had promised him.

27
28

4

COUNT TWO

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant KENNETH BERNARD RILEY, also known as "Kenny Boy," knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

COUNT THREE

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant JOSEPH CARTER, also known as "S.A.," knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

COUNT FOUR

[21 U.S.C. § 843(b)]

On or about February 8, 2006, in Los Angeles County, within the Central District of California, defendant "JUVIE" knowingly and intentionally used a communication facility, namely, a telephone, in committing and causing and facilitating the commission of a felony drug offense, namely, conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 846.

A TRUE BILL

/s/

FOREPERSON

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

BONNIE L. HOBBS
Assistant United States Attorney
Violent and Organized Crime Section