1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOHN J. LULEJIAN (Cal. State Bar No. 186783)
4  Assistant United States Attorney
   SHAWN J. NELSON (Cal. State Bar No. 185149)
5  Special Assistant United States Attorney
   Violent and Organized Crime Section
6        1500 United States Courthouse
         312 North Spring Street
7        Los Angeles, California 90012
         Telephone: (213) 894-8603/5339
8        Facsimile: (213) 894-3713
         E-mail:   John.Lulejian@usdoj.gov
9                  Shawn.Nelson@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11

12                UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 UNITED STATES OF AMERICA,        ) CR No.  07-1141(A)-VBF
                                    )
16                Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                    ) JOSEPH CARTER
17           v.                     )
                                    )
18 JOSEPH CARTER,                   )
       aka "S.A.,"                  )
19                                  )
                  Defendant.        )
20 _____)

21

22     1.  This constitutes the plea agreement between JOSEPH

23 CARTER ("defendant") and the United States Attorney's Office for

24 the Central District of California ("the USAO") in the above-

25 captioned case.  This agreement is limited to the USAO and cannot

26 bind any other federal, state or local prosecuting,

27 administrative or regulatory authority.

28

1
<u>PLEA</u>

2      2.   Defendant gives up the right to indictment by a grand

3 jury and agrees to plead guilty to a single-count information in

4 the form attached to this form, or a substantially similar form.

5
<u>NATURE OF THE OFFENSE</u>

6      3.   In order for defendant to be guilty of the single-count

7 in the information, which charges a violation of Title 21, United

8 States Code, Section 843(b), the following must be true:

9           (1) defendant knowingly and intentionally used a

10 "communication facility" (for example, a telephone or pager); and

11           (2) defendant did so to commit, cause or facilitate the

12 commission of a felony drug offense (in this case, Conspiracy to

13 Possess with Intent to Distribute and Distribute Cocaine, in

14 violation of Title 21, United States Code, Sections 846 and

15 841(a)(1)).

16      Defendant admits that defendant is, in fact, guilty of this

17 offense as described in the superseding information.

18
<u>PENALTIES</u>

19      4.   The statutory maximum sentence that the Court can impose

20 for this violation of Title 21, United States Code, Section

21 843(b), as described in the superseding information, is 4 years

22 imprisonment, a 3-year period of supervised release, a fine of up

23 to $250,000.00, and a mandatory special assessment of $100.00.

24      5.   Under Title 21, United States Code, Section 862a,

25 defendant will not be eligible for assistance under state

26 programs funded under the Social Security Act or Federal Food

27 Stamp Act and will not be eligible for federal food stamp program

28

1  benefits; furthermore, any such benefits or assistance received

2  by defendant's family members will be reduced to reflect

3  defendant's ineligibility.

4      6.  Supervised release is a period of time following

5  imprisonment during which defendant will be subject to various

6  restrictions and requirements.  Defendant understands that if

7  defendant violates one or more of the conditions of any

8  supervised release imposed, defendant may be returned to prison

9  for all or part of the term of supervised release, which could

10  result in defendant serving a total term of imprisonment greater

11  than the statutory maximum stated above.

12      7.  Defendant further understands that, by pleading guilty,

13  defendant may be giving up valuable government benefits and

14  valuable civic rights, such as the right to vote, the right to

15  possess a firearm, the right to hold office, and the right to

16  serve on a jury.

17      8.  Defendant further understands that the conviction in

18  this case may subject defendant to various collateral

19  consequences, including but not limited to deportation,

20  revocation of probation, parole, or supervised release in another

21  case, and suspension or revocation of a professional license.

22  Defendant understands that unanticipated collateral consequences

23  will not serve as grounds to withdraw defendant's guilty plea.

24                          FACTUAL BASIS

25      9.  Defendant and the USAO agree and stipulate to the

26  statement of facts provided below.  This statement of facts is

27  sufficient to support a plea of guilty to the charge described in

28  this agreement and to establish the sentencing guideline factors

3

1  set forth in paragraph 12 below.  It is not meant to be a

2  complete recitation of all facts relevant to the underlying

3  criminal conduct or all facts known to either party that relate

4  to that conduct.

5        Between February 8, 2006, and February 9, 2006, defendant

6  conspired with Kenneth Bernard Riley, "Bones" (whose true name is

7  unknown), and "Juvie" (whose true name is unknown) to possess

8  with intent to distribute and distribute cocaine.

9        On or about February 9, 2006, while in Los Angeles County,

10  within the Central District of California, defendant communicated

11  with Riley on defendant's telephone, and in a series of telephone

12  calls in coded language, arranged for the sale of cocaine

13  (approximately 8 ounces or 226.8 grams of cocaine) to another

14  person through "Juvie," who was an associate of Riley.

15        A telephone is a communication facility.  At all relevant

16  times, defendant knew and understood that he, Riley, "Juvie," and

17  others were conspiring to possess with intent to distribute and

18  distribute cocaine and that the communications related to that

19  conspiracy.

20                  WAIVER OF CONSTITUTIONAL RIGHTS

21        10.   By pleading guilty, defendant gives up the following

22  rights:

23             a) The right to persist in a plea of not guilty.

24             b) The right to a speedy and public trial by jury.

25             c) The right to the assistance of legal counsel at

26  trial, including the right to have the Court appoint counsel for

27  defendant for the purpose of representation at trial.  (In this

28  regard, defendant understands that, despite his plea of guilty,

                                4

1  he retains the right to be represented by counsel -- and, if

2  necessary, to have the court appoint counsel if defendant cannot

3  afford counsel -- at every other stage of the proceeding.)

4          d) The right to be presumed innocent and to have the

5  burden of proof placed on the government to prove defendant

6  guilty beyond a reasonable doubt.

7          e) The right to confront and cross-examine witnesses

8  against defendant.

9          f) The right, if defendant wished, to testify on

10 defendant's own behalf and present evidence in opposition to the

11 charges, including the right to call witnesses and to subpoena

12 those witnesses to testify.

13         g) The right not to be compelled to testify, and, if

14 defendant chose not to testify or present evidence, to have that

15 choice not be used against defendant.

16    By pleading guilty, defendant also gives up any and all

17 rights to pursue any affirmative defenses, Fourth Amendment or

18 Fifth Amendment claims, and other pretrial motions that have been

19 filed or could be filed.

20                    SENTENCING FACTORS

21    11.  Defendant understands that the Court is required to

22 consider the factors set forth in Title 18 United States Code,

23 Section 3553(a)(1)-(7), including the kinds of sentence and

24 sentencing range established under the United States Sentencing

25 Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in

26 determining defendant's sentence.  Defendant further understands

27 that the Sentencing Guidelines are advisory only, and that after

28 considering the Sentencing Guidelines and the other Section

5

1   3553(a) factors, the Court may be free to exercise its discretion

2   to impose any reasonable sentence up to the maximum set by

3   statute for the crime of conviction.

4        12.   Defendant and the USAO agree and stipulate to the

5   following applicable sentencing guideline factors:

6   Base Offense Level   :      <u>20</u>      [U.S.S.G. §§ 2D1.6,
                                           2D1.1(c)(10)]
7

8   Acceptance of
    Responsibility       :      <u>-3</u>     [U.S.S.G. §3E1.1]

9

10  Total Offense Level :      17

11  The USAO will agree to a downward adjustment for acceptance of

12  responsibility (and, if applicable, move for an additional level

13  under Section 3E1.1(b)) only if the conditions set forth in

14  paragraph 16 are met.  Subject to paragraph 15, defendant and the

15  USAO agree not to seek, argue, or suggest in any way, either

16  orally or in writing, that any other specific offense

17  characteristics, adjustments or departures, relating to the

18  applicable Offense Level, be imposed.  If, however, after signing

19  this agreement but prior to sentencing, defendant were to commit

20  an act, or the USAO were to discover a previously undiscovered

21  act committed by defendant prior to signing this agreement, which

22  act, in the judgment of the USAO, constituted obstruction of

23  justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be

24  free to seek the enhancement set forth in that section.

25  Defendant also understands that defendant's base offense level

26  could be increased if defendant is a career offender under

27  U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's

28  offense level is so altered, the parties are not bound by the

1  base offense (or adjusted offense) level stipulated to above.

2      13.  There is no agreement as to defendant's criminal

3  history or criminal history category.

4      14.  Defendant and the USAO, pursuant to the factors set

5  forth in Title 18, United States Code, Sections 3553(a)(1),

6  (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to

7  argue for a sentence outside the sentencing range established by

8  the Sentencing Guidelines.

9      15.  The stipulations in this agreement do not bind either

10 the United States Probation Office or the Court.  Both defendant

11 and the USAO are free to: (a) supplement the facts by supplying

12 relevant information to the United States Probation Office and

13 the Court, (b) correct any and all factual misstatements relating

14 to the calculation of the sentence, and (c) argue on appeal and

15 collateral review that the Court's Sentencing Guidelines

16 calculations are not error, although each party agrees to

17 maintain its view that the calculations in paragraph 12 are

18 consistent with the facts of this case.

19                    DEFENDANT'S OBLIGATIONS

20     16.  Defendant agrees that he will:

21          a) Plead guilty as set forth in this agreement.

22          b) Not knowingly and willfully fail to abide by all

23 sentencing stipulations contained in this agreement.

24          c) Not knowingly and willfully fail to: (i) appear for

25 all court appearances, (ii) surrender as ordered for service of

26 sentence, (iii) obey all conditions of any bond, and (iv) obey

27 any other ongoing court order in this matter.

28          d) Not commit any crime; however, offenses which would

7

1  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

2  not within the scope of this agreement.

3        e) Not knowingly and willfully fail to be truthful at

4  all times with Pretrial Services, the U.S. Probation Office, and

5  the Court.

6        f) Pay the applicable special assessment at or before

7  the time of sentencing unless defendant lacks the ability to pay

8  and submits a completed financial statement (form OBD-500) to the

9  United States Probation Office prior to sentencing.

10                    THE USAO'S OBLIGATIONS

11     17.  If defendant complies fully with all defendant's

12  obligations under this agreement, the USAO agrees:

13        a) To abide by all sentencing stipulations contained in

14  this agreement.

15        b) At the time of sentencing, provided that defendant

16  demonstrates an acceptance of responsibility for the offense up

17  to and including the time of sentencing, to recommend a two-level

18  reduction in the applicable sentencing guideline offense level,

19  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

20  move for an additional one-level reduction if available under

21  that section.

22        c)  Except for criminal tax violations (including

23  conspiracy to commit such violations chargeable under Title 18,

24  United States Code, Section 371), not to further prosecute

25  defendant for violations of Title 21, United States Code,

26  Sections 846 and 841 arising out of defendant's conduct described

27  in the stipulated factual basis set forth in paragraph 9 above.

28  Defendant understands that the USAO is free to prosecute

1 defendant for any other unlawful past conduct or any unlawful

2 conduct that occurs after the date of this agreement.  Defendant

3 agrees that at the time of sentencing the Court may consider the

4 uncharged conduct in determining the applicable Sentencing

5 Guidelines range, where the sentence should fall within that

6 range, the propriety and extent of any departure from that range,

7 and the determination of the sentence to be imposed after

8 consideration of the sentencing guidelines and all other relevant

9 factors.

10          d)    To dismiss the indictment, as to defendant only,

11 at the time of sentencing.

12                         BREACH OF AGREEMENT

13     18.    If defendant, at any time after the execution of this

14 agreement, knowingly violates or fails to perform any of

15 defendant's agreements or obligations under this agreement ("a

16 breach"), the USAO may declare this agreement breached.  If the

17 USAO declares this agreement breached at any time following its

18 execution, and the Court finds such a breach to have occurred,

19 then: (a) if defendant has previously entered a guilty plea,

20 defendant will not be able to withdraw the guilty plea, and (b)

21 the USAO will be relieved of all of its obligations under this

22 agreement.

23     19.    Following the Court's finding of a knowing and willful

24 breach of this agreement by defendant, should the USAO elect to

25 pursue any charge that was either dismissed or not filed as a

26 result of this agreement, then:

27          a) Defendant agrees that any applicable statute of

28 limitations is tolled between the date of defendant's signing of

1  this agreement and the commencement of any such prosecution or

2  action.

3         b) Defendant gives up all defenses based on the statute

4  of limitations, any claim of pre-indictment delay, or any speedy

5  trial claim with respect to any such prosecution, except to the

6  extent that such defenses existed as of the date of defendant's

7  signing this agreement.

8         c) Defendant agrees that: (I) any statements made by

9  defendant, under oath, at the guilty plea hearing (if such a

10  hearing occurred prior to the breach); (ii) the stipulated

11  factual basis statement in this agreement; and (iii) any evidence

12  derived from such statements, are admissible against defendant in

13  any such prosecution of defendant, and defendant shall assert no

14  claim under the United States Constitution, any statute, Rule 410

15  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

16  of Criminal Procedure, or any other federal rule, that the

17  statements or any evidence derived from any statements should be

18  suppressed or are inadmissible.

19                 LIMITED MUTUAL WAIVER OF APPEAL

20      20.  Defendant gives up the right to appeal any sentence

21  imposed by the Court, and the manner in which the sentence is

22  determined, provided that (a) the sentence is within the

23  statutory maximum specified above and is constitutional, and

24  (b) the Court imposes a sentence within or below the range

25  corresponding to a total offense level of 17, and the applicable

26  criminal history category as determined by the Court.

27  Notwithstanding the foregoing, defendant retains any ability

28  defendant has to appeal the Court's determination of defendant's

1 criminal history category and the conditions of supervised

2 release imposed by the Court, with the exception of the

3 following: conditions set forth in General Orders 318, 01-05,

4 and/or 05-02 of this Court; the drug testing conditions mandated

5 by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug

6 use conditions authorized by 18 U.S.C. § 3563(b)(7).

7        21.   The USAO gives up its right to appeal the sentence,

8 provided that (a) the sentence is within the statutory maximum

9 specified above and is constitutional, and (b) the Court imposes

10 a sentence within or above the range corresponding to a total

11 offense level of 17, and the applicable criminal history category

12 as determined by the Court.

13              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

14        22.   Defendant agrees that if any count of conviction is

15 vacated, reversed, or set aside, the USAO may: (a) ask the Court

16 to resentence defendant on any remaining count of conviction,

17 with both the USAO and defendant being released from any

18 stipulations regarding sentencing contained in this agreement,

19 (b) ask the Court to void the entire plea agreement and vacate

20 defendant's guilty plea on any remaining count of conviction,

21 with both the USAO and defendant being released from all of their

22 obligations under this agreement, or (c) leave defendant's

23 remaining conviction, sentence, and plea agreement intact.

24 Defendant agrees that the choice among these three options rests

25 in the exclusive discretion of the USAO.

26

27

28

1        COURT NOT A PARTY

2    23.   The Court is not a party to this agreement and need not

3  accept any of the USAO's sentencing recommendations or the

4  parties' stipulations.   Even if the Court ignores any sentencing

5  recommendation, finds facts or reaches conclusions different from

6  any stipulation, and/or imposes any sentence up to the maximum

7  established by statute, defendant cannot, for that reason,

8  withdraw defendant's guilty plea, and defendant will remain bound

9  to fulfill all defendant's obligations under this agreement.   No

10 one -- not the prosecutor, defendant's attorney, or the Court --

11 can make a binding prediction or promise regarding the sentence

12 defendant will receive, except that it will be within the

13 statutory maximum.

14        NO ADDITIONAL AGREEMENTS

15    24.   Except as set forth herein, there are no promises,

16 understandings or agreements between the USAO and defendant or

17 defendant's counsel.   Nor may any additional agreement,

18 understanding or condition be entered into unless in a writing

19 signed by all parties or on the record in court.

20    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21    25.   The parties agree and stipulate that this Agreement

22 will be considered part of the record of defendant's guilty plea

23 hearing as if the entire Agreement had been read into the record

24 of the proceeding.

25

26

27

28

                               12

1    This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3

4  AGREED AND ACCEPTED

5  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

6
   THOMAS P. O'BRIEN
7  United States Attorney

8  _____        9/3/08
                                           _____
9  JOHN J. LULEJIAN                        Date
   Assistant United States Attorney
10 SHAWN J. NELSON
   Special Assistant United States Attorney
11

12    I have read this agreement and carefully discussed every

13 part of it with my attorney.  I understand the terms of this

14 agreement, and I voluntarily agree to those terms.  My attorney

15 has advised me of my rights, of possible defenses, of the

16 sentencing factors set forth in Title 18, United States Code,

17 Section 3553(a), of the relevant Sentencing Guidelines

18 provisions, and of the consequences of entering into this

19 agreement.  No promises or inducements have been given to me

20 other than those contained in this agreement.  No one has

21 threatened or forced me in any way to enter into this agreement.

22 Finally, I am satisfied with the representation of my attorney in

23 this matter.

24

25 _____        9-3-08
   JOSEPH CARTER                          _____
26 Defendant                              Date

27

28

                                  13

1    I am Joseph Carter's attorney. I have carefully discussed

2 every part of this agreement with my client. Further, I have

3 fully advised my client of his rights, of possible defenses, of

4 the sentencing factors set forth in Title 18, United States Code,

5 Section 3553(a), of the relevant Sentencing Guidelines

6 provisions, and of the consequences of entering into this

7 agreement. To my knowledge, my client's decision to enter into

8 this agreement is an informed and voluntary one.

9

10   _____      9/3/08
                                      _____
11   JOHN LITTRELL, DFPD              Date
     Counsel for Defendant
     JOSEPH CARTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28